# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 15-901V
## Filed: November 10, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JEANETTE STANCARONE, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Robert Joel Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.*
*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for respondent.*


## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On August 19, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury following receipt of her October 6, 2014 influenza vaccination. On September 6, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 43.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 24, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No.48).[3]  Petitioner requests attorneys' fees in the amount of $35,873.70 and attorneys' costs in the amount of $792.31 for a total amount of $36,666.01.  *Id.* at 8. In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.

On November 4, 2016, respondent filed a response to petitioner's motion.  (ECF No. 51).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00  to $14,000.00" but provides no basis or explanation for how she arrived at this proposed range.  *Id.* at 3.

On November 5, 2016, petitioner filed a reply.  (ECF No. 52).  Petitioner argues that respondent's proposed range for appropriate fees lacks justification or support and would be an unjustified reduction in his fees.[4] (*Id.*, p. 1.)

The undersigned has reviewed the billing records submitted with petitioner's request.  The undersigned has identified .5 hours of time devoted to paralegal tasks (scheduling and form letter writing) billed at an attorney rate.[5]  Accordingly, the undersigned reduces counsel's fee by $145.20.  Additionally, the undersigned notes that counsel devoted 2.2 hours of time to medical literature review prior to filing this case.[6]  Given counsel's experience in this program, the undersigned finds that half this amount of time is appropriate, resulting in a reduction in counsel's fee of $445.80.  Thus, the undersigned finds a total reduction of $591.00 is appropriate.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  The undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] Petitioner filed a second motion the same day (ECF No. 49) consisting of additional supporting documentation for the motion for attorneys' fees and costs.  In future, counsel should use the "Notice of Filing" event, not a second motion, for purposes of providing further documents in support of the motion.

[4] Petitioner's counsel waived any supplemental fee for preparation of her reply. (ECF No. 52, p. 5, fn. 2.)

[5] These entries are dated 8/27/2015, 10/1/2015, and 9/26/2016.

[6] Petitioner's counsel spent time researching SIRVA on 12/19/2014, 1/11/2015, 2/27/2015, 2/28/2015, and 3/11/2015.

**Accordingly, the undersigned awards the total of $36,075.01[7] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Robert Joel Krakow, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

3